25-785-pr
*Burrell v. Rushford*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of July, two thousand twenty-six.

PRESENT:
> BARRINGTON D. PARKER,
> STEVEN J. MENASHI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

Ako K. Burrell,

      *Plaintiff-Appellant*,

    v.

M. Rushford, Nurse Administrator of CCF, Mesec, Correctional Officer,

      *Defendants-Appellees*,

Anthony Annucci, Commissioner of DOCCS, Scott Kelly, Deputy Superintendent of DOCCS, Earl Bell, Superintendent of CCF, McIntosh, Superintendent of CCF, JPAY, Securus, Corcraft, McLeary, CO at CCF, Tucker, CO at CCF, Martin, CO at CCF, Cook, CO at CCF, Lavanway, CO at CCF, Portious, CO at CCF, D. Bradford, First Deputy

No. 25-785

Superintendent of CCF, T. Zernaik, Deputy Superintendent of Security of CCF, J. Leclair, Deputy Superintendent of Administration of CCF, Rivers, CO at CCF, K. Langlais, Assistant Deputy Superintendent of Mental Health of CCF, Harrigan, Deputy of Health at CCF, K. Matott, Captain of CCF, G. King, Sergeant of CCF, Lt. Durkin, Lieutenant at CCF, Sgt. Mason, Sergeant at CCF, Wilson, CO at CCF, Whitehurst, CO at CCF, Kasco, LLC, Fin, Correction Officer, Gregory, Grievance Supervisor,

*Defendants.*[*]

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Ako K. Burrell, pro se, Attica, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Barbara D. Underwood, Solicitor General, Jeffery W. Lang, Deputy Solicitor General, Sarah L. Rosenbluth, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, Buffalo, NY. |

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, J.; Katz, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Ako K. Burrell, proceeding pro se, appeals from the judgment of the district court dismissing his complaint against Correctional Officer Tyler Mesec and Registered Nurse Supervisor Mathew Rushford. Burrell asserted claims under 42 U.S.C. § 1983, alleging that while Burrell was incarcerated at the Clinton Correctional Facility ("CCF") of the New York Department of Corrections and Community Supervision ("DOCCS"), Mesec intentionally exposed him to COVID-19 and Rushford denied him a COVID-19 vaccine, both in retaliation for Burrell's filing of prior grievances. The district judge adopted a magistrate judge's recommendation to grant summary judgment to the defendants, reasoning that Burrell did not exhaust his available administrative remedies before filing suit. We assume the parties' familiarity with the facts, the procedural history of the case, and the issues on appeal.

## I

"We review *de novo* a district court's grant of summary judgment after construing all evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013). "Summary judgment is appropriate only when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "We liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)).

## II

Before an inmate brings a lawsuit challenging prison conditions in federal court, the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires exhaustion of available administrative remedies "in 'compliance with an agency's deadlines and other critical procedural rules.'" *Rucker v. Giffen*, 997 F.3d 88, 92 (2d Cir. 2021) (quoting *Woodford v. Ngo*,

548 U.S. 81, 90 (2006)). Although an inmate need not articulate a claim in an administrative grievance in the exact same manner that he articulates it in federal court, inmates "must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures." *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004).

## A

In this case, the undisputed facts establish that Burrell failed to exhaust the available administrative remedies for many of his claims. DOCCS has a three-step grievance procedure under which an inmate generally must file a grievance at his facility within twenty-one days of the occurrence; if the inmate is dissatisfied with the outcome of the first proceeding, he may appeal to the facility superintendent; and if the inmate is dissatisfied with the outcome of that appeal, he may appeal further to the Central Office Review Committee ("CORC"). *See* 7 N.Y.C.R.R. § 701.5; *Williams v. Priatno*, 829 F.3d 118, 119 (2d Cir. 2016).

As to Burrell's claims against Nurse Rushford, the undisputed evidence showed that none of the 105 grievances filed by Burrell while he was incarcerated at CCF alleged that Rushford denied him a COVID-19 vaccine or retaliated against him for filing other grievances. Nor did any of Burrell's 291 appeals to CORC pertain to these claims. Although Burrell filed one grievance that appeared to relate to Rushford, that grievance alleged that Rushford (misspelled as "Ashford") continued to administer the Johnson & Johnson vaccine after the CDC ordered a pause on its use. That grievance did not provide notice of the claims that Burrell eventually raised in the district court—that Rushford denied him a vaccine and retaliated against him. Accordingly, the district court was correct that Burrell failed to exhaust administrative remedies with respect to his claims against Rushford.

Likewise, none of the grievances or appeals filed by Burrell alleged that Officer Mesec retaliated against him for filing other grievances. While Burrell filed a grievance alleging that he tested positive for COVID-19 after being served a meal by Mesec and another officer, who were not wearing masks, that grievance did not mention the allegations raised here—that Mesec mentioned Burrell's prior grievances, grabbed him,

4

spit in his face, and called him a racial slur. As a result, that grievance did not provide prison officials with notice to investigate the claim that Mesec retaliated against him.

**B**

It is a closer question whether Burrell exhausted his Eighth Amendment conditions-of-confinement claim against Mesec. Burrell's grievance alleged that Mesec and another officer served him a meal without wearing masks, thereby exposing him to COVID-19. That allegation may have been sufficient to put prison officials on notice that Mesec's alleged failure to wear a mask while serving Burrell meals exposed Burrell to a serious medical risk. To be sure, the grievance lacked many of the allegations on which Burrell now relies—that Mesec referenced Burrell's prior grievances, used racial slurs, grabbed Burrell's forearm, and deliberately breathed saliva and mucus onto his face. But to meet the exhaustion requirement of the PLRA, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Testman*, 380 F.3d at 697 (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). We need not resolve whether Burrell properly exhausted this claim, however, because his Eighth Amendment claim against Mesec fails on the merits.

The undisputed record includes a logbook for the Special Housing Unit where Burrell was housed at the time of the alleged incident, and the logbook shows that Mesec was not assigned to that unit on November 19, 2021, the day Burrell alleges the altercation occurred. In addition, Mesec was required by DOCCS to undergo routine COVID-19 testing, and the record indicates that he never tested positive. Thus, even assuming that Burrell exhausted the administrative remedies associated with his conditions-of-confinement claim against Mesec, the undisputed record shows that Mesec cannot have exposed him to COVID-19 as alleged, intentionally or otherwise. Burrell's claim therefore fails.

\*     \*     \*

5

We have considered Burrell's remaining arguments, which we conclude are without merit. We affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court